UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DONALD CLAYTON MERRIWETHER,  )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Petitioner,　　　　　　　)　　　Case No. 4:06-cv-143<br>　　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　　)　　　Honorable Robert Holmes Bell<br>　　　　　　　　　　　　　　　　　　　　　　)<br>JOHN PRELESNIK,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　)　　　**MEMORANDUM OPINION**<br>　　　　　　Respondent.　　　　　　　)<br>_____) | |

　　　　In this habeas corpus action, petitioner challenges his 1999 conviction in the Ingham County Circuit Court for first-degree child abuse. By report and recommendation entered December 11, 2006, Magistrate Judge Joseph G. Scoville concluded that the habeas corpus petition was filed more than five months after the expiration of the one-year statute of limitations established by 28 U.S.C. § 2254(d). Thereafter, the magistrate judge granted petitioner three extensions of time in which to file objections to the report and recommendation. (Orders, docket #'s 8, 10, 12). In each request for more time, petitioner asserted his unfamiliarity with the law and his poor health, but never advanced any reason to conclude that his habeas petition was filed in a timely fashion. The last extension of time expired on April 9, 2007. Rather than responding, petitioner moved for the appointment of counsel.

　　　　The court has reviewed the report and recommendation of the magistrate judge *de novo* and independently concludes that petitioner's habeas corpus action is untimely. The intervening decision of the Supreme Court in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), decided

after the issuance of the report and recommendation, demonstrates that the petition was filed over eight months after the expiration of the statute of limitations. The magistrate judge had given petitioner the benefit of the ninety-day period for seeking *certiorari*, as required by then-controlling Sixth Circuit authority. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*). In *Lawrence*, the Supreme Court overruled *Abela* and found that the ninety-day period for seeking *certiorari* after an adverse ruling in a state post-conviction proceeding does not toll the limitations period. In light of *Lawrence*, the one-year statutory period in this case expired in late March 2006. Petitioner did not file this action until December 1, 2006, over eight months later.

      Petitioner has had ample time to respond to the report and recommendation. Although he has corresponded with the court on four different occasions, he has not raised any reason to believe that his petition was timely. Petitioner's request for counsel is also unavailing. The law concerning the accrual and tolling of the statute of limitations under section 2254(d) is settled, and the application of the law to the facts of this case requires only a simple counting of days. Counsel, no matter how skillful, would be unable to affect the outcome of this case.

      Upon *de novo* review of the habeas corpus petition, the court determines that it is barred by the statute of limitations. This action must therefore be dismissed. Further, the court will deny the issuance of a certificate of appealability, as petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Date:  April 10, 2007           /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE